UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LISA JENNINGS DUCHARME, | Civil Action No. 3:24-cv-835 |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, Lisa Jennings Ducharme ("Plaintiff" or "Ms. Ducharme"), brings this action against Defendant, Wells Fargo Bank, N.A. ("Defendant" or "the Company") for violation of the Americans with Disabilities Act ("ADA") for retaliation and disability discrimination, and for violation of the Family and Medical Leave Act ("FMLA"). Ms. Ducharme was subjected to ridicule, humiliation, and the loss of her job after developing a disability that impacted her voice. Defendant now attempts to use a reorganization as its purported legitimate business reason for its decision, but prior to seeking a medical leave of absence as an accommodation for her disability, Defendant told Ms. Ducharme that her position would not be impacted by the organizational changes. It was only after she notified the Company of her need for the leave that the decision was made to terminate her.

**NATURE OF ACTION**

1. This lawsuit is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, as amended by the Americans with Disabilities Act of 2008 and the Family and Medical Leave Act.

1

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a citizen of and a resident of Mecklenburg County, North Carolina.

3. Defendant is a banking institution conducting business within Mecklenburg County, North Carolina, and subject to the jurisdiction of this Court.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as the Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

6. At all times relevant, Ms. Ducharme was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA as she is a qualified individual with a disability and had been performing the essential functions of her position or could have performed the essential functions with a reasonable accommodation.

7. Defendant was a covered employer as defined in 42 U.S.C. § 12111(5)(A) of the ADA at all relevant times.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On or about January 11, 2024, Ms. Ducharme timely filed a Charge of Discrimination on the basis of disability and retaliation with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the acts complained of. (Attached to this Complaint as Exhibit A).

9. The EEOC issued a Dismissal and Notice of Rights on June 18, 2024 and Ms. Ducharme files this action within 90 days of her receipt of that notice. (Attached to this Complaint as Exhibit B).

10. Ms. Ducharme has exhausted her administrative requirements by filing her Charge of Discrimination with the EEOC within 180 days of the date of the acts complained of and by filing the instant lawsuit within 90 days of receiving the Notice of Rights.

## **FACTUAL ALLEGATIONS**

11. Defendant is a financial banking institution employing over 200,000 employees nationwide.

12. Defendant hired Ms. Ducharme into the position of Strategic Planning Leader in 2017.

13. Ms. Ducharme was qualified for her position and consistently met Defendant's expectations of the position.

14. In November 2020, Ms. Ducharme's supervisor changed and Sandra Nudelman ("Ms. Nudelman"), Head of Consumer Data and Engagement Platforms took over as her direct supervisor.

**Ms. Ducharme Becomes Disabled and is Subjected to Disability-Based Harassment**

15. In or about December 2020, Ms. Ducharme developed a disabling condition that impacted her voice and her ability to speak. The condition affects the major life activity of speaking.

16. Ms. Nudelman repeatedly subjected Ms. Ducharme to harassment due to her disability and created a hostile work environment based on the disability-based harassment.

17. By way of example, Ms. Nudelman began treating Ms. Ducharme differently than other similarly situated employees who were not disabled, and she became overly critical of Ms. Ducharme.

18. In addition, Ms. Nudelman placed Ms. Ducharme under greater scrutiny and intentionally held her to standards that could not be achieved considering Ms. Nudelman also took the necessary resources and opportunities from her that would have enabled her to complete the work.

19. On other occasions, Ms. Nudelman refused to allow Ms. Ducharme to speak at a meeting, even though she was previously responsible for presenting. Instead, during the meeting Ms. Nudelman commented on Ms. Ducharme's inability to speak clearly by commenting, "Clearly whoever put this together doesn't know what they are doing." The comment was directly related to Ms. Ducharme's disabling condition that affected her voice and was said in front of the other leaders and peers present at the meeting.

20. Ms. Ducharme was humiliated by Ms. Nudelman's comments and harassment.

21. Ms. Nudelman's treatment of Ms. Ducharme was due to her disability and/or the perception that Ms. Ducharme was disabled because Ms. Nudelman had a discriminatory animus towards Ms. Ducharme.

22. Defendant's pattern and practice of discriminating against Ms. Ducharme extended to other leadership employees, and she was slowly phased out of key activities that would enable Ms. Ducharme to be successful in her role. The phasing out included excluding her from critical meetings she was involved in before the disclosure of her disability, eliminating opportunities for her to present content to executive leaders, and withholding important information relating to her position's goals and objectives.

23. The continuous harassment, comments, and singling Ms. Ducharme out based on her disability created a hostile work environment based on disability-based harassment.

**Ms. Ducharme's Medical Condition Worsens**

24. Ms. Ducharme's disability worsened between September 2022 and June 2023 as a result of the ongoing harassment.

25. Kunal Madhok ("Mr. Madhok") and Julia Ashworth ("Ms. Ashworth"), both members of Ms. Nudelman's leadership team, were responsible for supervising Ms. Ducharme during the time her condition had worsened. Ms. Nudelman continued to have supervisory authority over Ms. Ducharme as well.

26. Ms. Ducharme required a medical leave of absence to treat her condition, and she requested leave under the Family and Medical Leave Act ("FMLA") from June 24, 2023, through September 15, 2023.

27. Ms. Ducharme was eligible for and qualified for the FMLA leave for her own serious health condition.

**Defendant Terminates Plaintiff's Employment**

28. On or about July 28, 2023, Defendant notified Ms. Ducharme that her employment would be terminated due to an alleged reorganization, effective September 22, 2023.

29. Before requesting and taking a leave of absence under the FMLA for her disability, Defendant assured Ms. Ducharme that the impending organizational changes would not impact her employment with the Company.

30. Had Ms. Ducharme not requested an accommodation for her disability in the form of a leave of absence under the FMLA, she would not have been terminated.

31. Defendant hired an individual to perform the duties of Ms. Ducharme's position after she was notified of the termination.

32. Defendant retained similarly situated non-disabled employees after the reorganization.

33. Under information and belief, the individual hired to perform Ms. Ducharme's job duties after her termination is not disabled.

34. Ms. Ducharme has sustained damages in the form of lost wages and benefits, including future lost wages, medical expenses, emotional distress damages, embarrassment, loss of career opportunities, attorney's fees, and court costs.

## **FIRST CLAIM FOR RELIEF**
**(Violation of the ADA for Disability Discrimination-Hostile Work Environment, Harassment, and Termination)**

35. Plaintiff hereby incorporates by reference the preceding paragraphs.

36. Ms. Ducharme has a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* for the entire duration of her employment with Defendant.

37. Defendant was aware of Ms. Ducharme's disability because she provided Defendant with written and verbal notice.

38. At all relevant times, Ms. Ducharme was performing the legitimate expectations of her position.

39. Ms. Ducharme, at all relevant times, was a qualified individual with a disability, and she could perform the essential functions of her position with a reasonable accommodation.

40. Defendant discriminated against Ms. Ducharme because of her disability when Defendant stripped Ms. Ducharme of her job duties, subjected her to disparate treatment and harassment, and ultimately terminated her employment.

41. Defendant's actions, as described above, violate the Americans with Disabilities Act.

42. Defendant's discriminatory conduct caused and continues to cause Ms. Ducharme significant injury and damage, including lost wages and benefits, emotional distress, and attorney's fees and costs.

43. Defendant did not have a legitimate, non-discriminatory reason for treating Ms. Ducharme in the manner described above, and had she not been disabled, she would not have been subjected to the unlawful conduct.

44. Defendant's actions were willful and intentional in that Defendant knew or should have known of its legal obligations as an employer under the Americans with Disabilities Act and its obligations to provide disabled employees with reasonable accommodations.

45. Defendant's willful actions also entitled Ms. Ducharme to recover punitive damages.

46. Pennington has suffered damages due to Defendant's unlawful actions under the ADA in the form of lost wages and benefits, including future wages; compensatory damages for medical expenses, emotional distress, and other damages of a like nature sustained due to Defendant's conduct; attorney's fees, which continue to accrue; and costs associated in litigating this matter.

**SECOND CLAIM FOR RELIEF**
**(Violation of the ADA for Retaliation)**

47. Plaintiff hereby incorporates by reference the preceding paragraphs.

48. Ms. Ducharme engaged in protected activity, as defined by the Americans with Disabilities Act when she requested a reasonable accommodation for her disability.

49. The ADA prohibits employers from retaliating against any employee engaged in protected conduct under the Act.

50. Defendant intentionally and willfully violated the ADA by retaliating against Ms. Ducharme for her protected activity.

51. Defendant's retaliatory actions caused and continue to cause Ms. Ducharme to suffer monetary loss and emotional distress.

**THIRD CLAIM FOR RELIEF**
**(Violation of the Family and Medical Leave Act-Retaliation)**

52. Plaintiff hereby incorporates by reference the preceding paragraphs.

53. Defendant is an employer, and Ms. Ducharme is an employee as those terms are defined in the Family and Medical Leave Act.

54. Ms. Ducharme sought a medical leave of absence for her serious health condition.

55. At all relevant times, she was eligible and qualified to take up to 12 weeks of time off for her serious health condition.

56. Ms. Ducharme was approved for a leave of absence from June 24, 2023, through September 15, 2023.

57. On or about July 28, 2023, Defendant notified Plaintiff that her employment would be terminated.

58. Prior to requesting leave under the Family and Medical Leave Act, Defendant assured Plaintiff that her employment would not be impacted by the organizational changes.

59. Despite those assurances, Defendant terminated her employment within weeks of her requesting the leave.

60. Had Ms. Ducharme not requested and taken FMLA leave, she would not have been terminated.

61. Ms. Ducharme has sustained damages in the form of lost wages, emotional distress, and attorneys' fees and costs.

62. Defendant's actions were intentional and willful, entitling her to liquidated damages.

## FOURTH CLAIM FOR RELIEF
**(North Carolina Common Law - Wrongful Discharge in Violation of Public Policy)**

63. Plaintiff incorporates by reference the preceding paragraphs.

64. The declared public policy of North Carolina prohibits discrimination in employment based on handicap. North Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann. § 143-422.1 et. al. ("NCEEPA").

65. Defendant discriminated against Plaintiff and terminated her for her actual disabilities, perceived disabilities, and/or record of disabilities.

66. Defendant's conduct constituted wrongful discharge in violation of North Carolina law and public policy.

## PRAYER FOR RELIEF

Wherefore, Lisa Jennings Ducharme respectfully requests that this Court enter judgment in her favor and grant her the following relief:

a. Order Defendant to compensate Ms. Ducharme, reimburse her, and make her whole for any and all pay and benefits she would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary/pay increases, bonuses, insurance, benefits, training, promotion, reinstatement and seniority;

b. Award Ms. Ducharme compensatory damages for the significant emotional distress, mental anguish, and humiliation she endured due to Defendant's unlawful actions;

c. Order Defendant to pay punitive damages to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

d. Award Ms. Ducharme all reasonable costs and attorney's fees incurred in connection with this action;

e. Award Ms. Ducharme injunctive relief to prohibit Defendant's further unlawful conduct in the future;

f. Award Ms. Ducharme's pre-judgment and post-judgment interest;

g. Award Ms. Ducharme such other and further equitable and legal relief as appropriate under the circumstances; and

h. Grant Ms. Ducharme a trial of this matter by jury.

Respectfully submitted this 16th day of September, 2024,

/s/ Michael C. Harman
Michael C. Harman, NCSB #43802
Harman Law, PLLC
16507-B Northcross Dr.
Huntersville, NC 28078
(T) 704.885.5550
(F) 704.885.5551
michael@harmanlawnc.com
*Attorney for Plaintiff*